657 F.2d 750
 26 Fair Empl.Prac.Cas. 1417,
27 Empl. Prac. Dec. P 32,165
Thomas JOHNSON, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
UNCLE BEN'S, INC., Defendant-Appellee.
 No. 78-1437.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 30, 1981.
Rehearing and Rehearing En Banc Denied Dec. 30, 1981.
 
 Carol Nelkin, Houston, Tex., Randall L. Speck, Jerry D. Anker, Washington, D. C., for plaintiffs-appellants.
 Philip J. Pfeiffer, Houston, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS,* District Judge.
 VANCE, Circuit Judge:
 
 
 1
 Following the decision of this panel, 628 F.2d 419 (5th Cir. 1980), the Supreme Court, --- U.S. ----, 101 S.Ct. 1967, 68 L.Ed.2d 290 (1981), remanded this case for further consideration in light of its opinion in Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). After carefully reviewing our decision, we conclude that our result is not altered by Burdine.
 
 
 2
 In Burdine, the Supreme Court clarified the basic allocation of burdens and order of presentation of proof in Title VII cases alleging disparate treatment. These burdens are determined by the factors stated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Burdine altered this circuit's interpretation of the McDonnell Douglas factors in two respects. Prior to Burdine we had held once the plaintiff had established a prima facie case of disparate treatment, the burden was upon the defendant to rebut this showing by a preponderance of the evidence. Ray v. Freeman, 626 F.2d 439, 443 (5th Cir. 1980), cert. denied, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981); Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1255 (5th Cir. 1977). In addition, we required that the defendant prove that the person actually hired was better qualified than the plaintiff. Falcon v. General Telephone Co. of the Southwest, 626 F.2d 369, 378 (5th Cir. 1980), vacated, 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981); East v. Romine, Inc., 518 F.2d 332, 339-40 (5th Cir. 1975). In Burdine the Court rejected our interpretation of the defendant's burden:
 
 
 3
 The burden that shifts to the defendant ... is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason .... It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant.
 
 
 4
 Id., 450 U.S. at 254, 101 S.Ct. at 1094 (footnote omitted). While the Court cautioned that the defendant's explanation of its legitimate reasons must be clear and reasonably specific, id., 450 U.S. at 258, 101 S.Ct. at 1096, it made clear that the defendant carries a burden of production, not a burden of persuasion.
 
 
 5
 The Supreme Court also stated that the employer need not demonstrate that the person actually hired was better qualified than the plaintiff. If the employer produces evidence that on the basis of legitimate, nondiscriminatory criteria the person chosen for the job possesses qualifications equal to those of the plaintiff, he rebuts the prima facie case. "(T)he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." Id., 450 U.S. at 259, 101 S.Ct. at 1097.
 
 
 6
 While Burdine thus affects the burdens of the parties in Title VII disparate treatment cases, it does not address Title VII disparate impact cases.[1] Indeed, Burdine explicitly affirms the distinction between the two kinds of cases, noting that "the character of the evidence presented" differs in the two branches of Title VII law. 450 U.S. at 252, 101 S.Ct. at 1093 n.5.[2] In disparate impact cases the plaintiff challenges "practices that are fair in form, but discriminatory in operation," Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971) and need not prove intentional discrimination, International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 1854, n.15, 52 L.Ed.2d 396 (1977). The Supreme Court has described the burdens in a disparate impact case as follows:(T)o establish a prima facie case of discrimination, a plaintiff need only show that the facially neutral standards in question select applicants for hire in a significantly discriminatory pattern. Once it is thus shown that the employment standards are discriminatory in effect, the employer must meet "the burden of showing that any given requirement (has) ... a manifest relationship to the employment in question." Griggs v. Duke Power Co., supra, at 432, (91 S.Ct., at 854). If the employer proves that the challenged requirements are job related, the plaintiff may then show that other selection devices without a similar discriminatory effect would also "serve the employer's legitimate interest in 'efficient and trustworthy workmanship.' " (citations omitted) (emphasis added).
 
 
 7
 Dothard v. Rawlinson, 433 U.S. 321, 329, 97 S.Ct. 2720, 2726, 53 L.Ed.2d 786 (1977).
 
 
 8
 The respective burdens in a disparate impact case are thus governed by clear and recent Supreme Court precedent unaltered by Burdine. We are, of course, bound by this precedent and by the statements of our own court left unaffected by Burdine. See James v. Stockham Valves & Fittings Co., 559 F.2d 310, 330 (5th Cir. 1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); Rowe v. General Motors Corp., 457 F.2d 348, 354-55 (5th Cir. 1972).[3]
 
 
 9
 That the burden upon the defendant in rebutting a prima facie case should vary in the two branches of Title VII law is understood by looking to the nature of the prima facie case and the plaintiff's ultimate burden. In a disparate treatment case, the plaintiff must show that he has been the victim of intentional discrimination. "A prima facie case under McDonnell Douglas raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Furnco Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). As the Court has noted, "(E) stablishing a prima facie case of disparate treatment is not onerous." Burdine, --- U.S. at ----, 101 S.Ct. at 1094. In making a prima facie case in a disparate impact suit, however, the plaintiff must not merely prove circumstances raising an inference of discriminatory impact; he must prove the discriminatory impact at issue. It is not part of the plaintiff's burden to prove absence of a legitimate business reason for the challenged practice. Knowledge of a legitimate business reason is uniquely available to the employer who is accordingly required to persuade the court of its existence by a preponderance of the evidence.
 
 
 10
 The present case involves charges of disparate impact. On remand, the respective burdens of plaintiffs and defendant are thus unaffected by Burdine. We note that our decision in this case made reference to the standards of rebuttal in Title VII disparate treatment cases which, of course, have now been altered by Burdine. This language, however, was not essential to our opinion. The principles governing disparate impact cases have been clearly established by the Supreme Court and by the opinions of this circuit. Burdine, which dealt with a wholly different type of discrimination suit, in no way diminishes the vitality of these decisions.
 
 
 11
 We therefore remand for further proceedings in accordance with our prior opinion on petition for rehearing.
 
 
 12
 MODIFIED AND AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 DANIEL H. THOMAS, District Judge, dissenting:
 
 13
 The majority has determined that this case is unaltered by the decision of the United States Supreme Court in Burdine. This decision is based on the distinction between a case of disparate treatment and a case of disparate impact. The question which arises is what burden is placed on the employer after the plaintiff puts forth a prima facie case of discrimination.
 
 
 14
 Prior to Burdine, as the majority has stated, in a disparate treatment case the employer had to rebut the prima facie case by a preponderance of the evidence. After Burdine, the employer need only bear the burden of production of evidence of a legal reason for his action. Thus the burden of the employer is a burden of production rather than a burden of proof as required by this Circuit prior to Burdine.
 
 
 15
 In a disparate impact case, the burden placed upon the employer to rebut a prima facie case is a showing that the questioned standard to practice has a manifest relationship to the employment. The majority has carefully selected and emphasized language from a Supreme Court case which allegedly "describes the burden in a disparate impact case." The majority emphasizes the word "proves" in the statement "(i)f the employer proves that the challenged requirements are job related, the plaintiff may then show that other selection devices ... would also 'serve the employer's legitimate interest ...' " This wording would seem to indicate that the employer must assume the burden of proof in any disparate impact case, and this is the precedent in this Circuit to date.
 
 
 16
 I believe, however, that in referring this Court to Burdine, the Supreme Court did not wish this Court to distinguish a case involving disparate treatment, such as Burdine, and a case involving disparate impact, such as this case. The majority is correct in pointing out that Burdine acknowledges and affirms a distinction between the two types of cases. The Supreme Court in Burdine "set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment." The Court then footnoted that "(w)e have recognized that the factual issues, and therefore the character of the evidence presented, differ when the plaintiff claims that a facially neutral employment policy has a discriminatory impact on protected classes." The majority has taken these statements together with the prior Supreme Court statement regarding "proof" required of the employer and has determined that "(t)he respective burdens in a disparate impact case are thus governed by clear and recent Supreme Court precedent unaltered by Burdine." If such be the case, there was no reason for the Supreme Court to refer this Court to Burdine. I believe that the burden of proof in all cases of disparate treatment and disparate impact remains with the plaintiff and that only the burden of production shifts to the employer. The "character of the evidence" required of the employer in each type of case will vary as do the factual situations, but the "basic allocation of burdens and order or presentation of proof" remains the same in each type of case.
 
 
 17
 In regard to this case, however, I do not find the necessity of determining this "burden" in regard to all issues other than discrimination against blacks with respect to promotions. As I stated in my previous dissent, I conclude that the district court did not err in holding that the plaintiffs failed to establish a prima facie case in regard to these issues. I, therefore, am of the opinion that no burden needed to be met by the employer in regard to these issues.
 
 
 18
 As previously stated in my original dissent, I conclude that the district court's findings regarding the lack of discrimination in the promotion of blacks was not clearly erroneous. The majority in its original opinion held that the clearly erroneous standard of review did not apply to findings based on an erroneous view of legal principles. The majority then undertook an "independent analysis of the record in light of the correct legal standards."
 
 
 19
 The district court determined that plaintiffs' statistical evidence and testimonial evidence made out a prima facie case of discrimination against blacks on the promotion issue, but held that this had been rebutted by both the absence of discriminatory impact and the presence of legitimate, non-discriminatory explanations of the status quo and further determined that plaintiffs did not introduce evidence that these explanations were pretextual.
 
 
 20
 I would affirm the judge of the district court outright. I therefore respectfully dissent from the modification and remand of the majority opinion.
 
 
 
 *
 District Judge of the Southern District of Alabama, sitting by designation
 
 
 [1]
 We note that the reason given by the Supreme Court for granting certiorari in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 252, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), was to resolve a conflict among the circuits. Id., 450 U.S. at 250, 101 S.Ct. at 1093. The only cases cited by the Supreme Court as evidence of this conflict were cases involving claims of disparate treatment. Id., 450 U.S. at 252, 101 S.Ct. at 1093 n.4
 
 
 [2]
 See also id., 450 U.S. at 255, 101 S.Ct. at 1094 n.8, where the Court stated that the allocation of burdens set forth in Burdine is suited to the task of "sharpen(ing) the inquiry into the elusive factual question of intentional discrimination." Because no question of intentional discrimination arises under the disparate impact theory, Teamsters v. United States, 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 1854, n.15, 52 L.Ed.2d 396 (1977), the allocative scheme in Burdine was not formulated to develop the factual inquiry in a disparate impact case
 
 
 [3]
 Since the decision of the Supreme Court in Burdine, two district courts in this circuit have expressly held that Burdine does not affect fifth circuit precedent in the area of disparate impact. Vuyanich v. Republic Nat'l Bank, 521 F.Supp. 656, (N.D.Tex. 1981); Heffernan v. Western Elec. Co., 510 F.Supp. 712, 716 (N.D.Ga.1981). Post-Burdine cases from the second and tenth circuits have not altered the rule contained in the pre-Burdine cases from those circuits which shifts the burden of persuasion to the defendant in disparate impact cases under Title VII. Compare Teal v. Connecticut, 645 F.2d 133, 136 n.5 (2d Cir. 1981) and Coe v. Yellow Freight Sys., Inc., 646 F.2d 444, 451 (10th Cir. 1981) (post-Burdine cases) with Vulcan Soc'y of N. Y. City Fire Dep't v. Civil Serv. Comm'n, 490 F.2d 387, 393 (2d Cir. 1973) and EEOC v. Navajo Ref. Co., 593 F.2d 988, 990 (10th Cir. 1979) (pre-Burdine cases). But cf. NAACP v. Medical Center, Inc., 657 F.2d 322 at 333-36 (3d Cir. 1981) (en banc) (Burdine affects allocation of proof in disparate impact case under Title VI). Additionally, one panel of this circuit has properly refrained from overturning a line of fifth circuit precedent which allocated the burden of persuasion to school districts in a certain class of cases arising under Title VI of the Civil Rights Act. Castaneda v. Pickard, 648 F.2d 989, 994 n.2 (5th Cir. 1981)